UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MAURICE MCDOWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>Sgt. Campos, et al.,<br><br>        Defendants. | Case No. 2:23-cv-08680-SB-AJR<br><br>ORDER ACCEPTING, AS MODIFIED, THE U.S. MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records and files herein, the U.S. Magistrate Judge's Report and Recommendation (R&R), and Plaintiff's Objections to the Report and Recommendation.

   In his objections, Plaintiff merely restates the allegations of his Fourth Amended Complaint and raises no specific objection to any portion of the R&R. Dkt. No. 43.  The Court, therefore, need not review the R&R de novo and adopts it on this ground.  Fed. R. Civ. P. 72(b) (requiring that a party "file specific written objections" to the recommendations and mandating de novo review of only the portions "properly objected to"); *see also Jones v. PGA Tour, Inc.*, 668 F. Supp. 3d 907, 916 (N.D. Cal. 2023) ("Only objections that reference specific portions of the report and recommendation will trigger de novo review.").  In the alternative, the Court adopts the R&R based on its review of the record, finding that the R&R is well reasoned and well supported.  *See Trieu v. Fox*, No. 12-CV-03365-VBF, 2017 WL 522994, at *2 (C.D. Cal. Feb. 8, 2017) (reviewing an R&R, despite the lack of objection, "[o]ut of an abundance of caution").

   Accordingly, the Court accepts and adopts the Magistrate Judge's findings, conclusions, and recommendations, except that it declines to grant leave to amend to raise an individual capacity claim.  The Magistrate Judge explained the deficiencies in the pleadings four times, identified that Plaintiff could raise an individual capacity claim against Sgt. Campos or another officer, and indicated

1

what he would need to allege to support such a claim—i.e., "specific facts showing their personal involvement." *See, e.g.*, Dkt. Nos. 5, 8, 24, 32. Yet, in his four amended pleadings, Plaintiff failed to cure the identified deficiencies, instead repeating the same insufficient allegations. Indeed, Plaintiff's objections to the R&R are submitted in the form of what amounts to a fifth amended complaint—and yet he has not come any closer to stating any individual claim. Once again, he has done little more than repeat the deficient allegations. Dkt. No. 43.

In short, Plaintiff has had numerous chances to amend his pleading to cure the deficiencies identified by the Magistrate Judge. After his "repeated failure to cure deficiencies by amendment," there is no reason to believe that granting yet another opportunity would advance this litigation. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). On the contrary, even after receiving the R&R, Plaintiff continues to present a deficient pleading. Under these circumstances, allowing leave to amend would be futile. Thus, the Court dismisses the Fourth Amended Complaint without leave to amend. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotation omitted); *Brown v. Fitzpatrick*, 667 F. App'x 267 (9th Cir. 2016) (finding no abuse of discretion in dismissing pro se action without leave to amend after one opportunity to amend).

ACCORDINGLY, IT IS ORDERED:

1. The R&R is accepted as modified.

2. The Fourth Amended Complaint is dismissed without leave to amend.

3. Judgment shall be entered dismissing this action with prejudice.

4. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

Date: May 30, 2025

Stanley Blumenfeld, Jr.
United States District Judge